IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHARMASEQ, INC., <br><br>        *Plaintiff*, <br><br>v. <br><br>THE ESTATE OF ROBERT GRIESS and BARBARA GRIESS, <br><br>        *Defendants*. | CIVIL ACTION <br> NO. 15-00041 |

**MEMORANDUM**

Pending before the court is Plaintiff PharmaSeq, Inc.'s Motion to Show Cause Seeking Injunctive Relief [Doc. No. 3], requesting a temporary restraining order and preliminary injunction. Plaintiff PharmaSeq contends that Robert Griess ("the decedent") unlawfully deposited $315,469.75 of PharmaSeq's money into a joint bank account, which is now under the sole control of his widow, Defendant Barbara Griess. PharmaSeq's Motion seeks a temporary restraining order and a preliminary injunction to freeze that bank account.

*I.    Background*

The complaint alleges that in 1998, PharmaSeq hired the decedent as an independent contractor to provide accounting services. Between 2010 and November 2013, the decedent allegedly made numerous unauthorized transfers of PharmaSeq's funds into the joint bank account, which PharmaSeq did not discover until after the decedent's death in November 2013. Shortly after the decedent's death, Mrs. Griess assumed sole control of the bank account.

On March 4, 2014, PharmaSeq filed a conversion claim against the Estate of Robert Griess in New Jersey state court. On January 6, 2015, the New Jersey action was voluntarily dismissed for unknown reasons, and this action against the Estate of Robert Griess and Barbara Griess was filed, alleging conversion, unjust enrichment, and civil conspiracy against both Defendants.

On January 20, 2015, PharmaSeq filed its Motion to Show Cause Seeking Injunctive Relief.[1] The Motion contends that Mrs. Griess is steadily dissipating the account's funds and that these funds must be preserved in order to satisfy a future money judgment against Mrs. Griess. The Motion is accompanied by more than a thousand pages of exhibits, consisting primarily of Mrs. Griess' bank records. The attachments also include a certification that the Motion was served upon Mrs. Griess. On January 23, 2015, PharmaSeq filed proof that the summons in this action had been personally served upon Mrs. Griess. To date, no defense counsel has entered an appearance on the record, and no hearing has been held on Plaintiff's Motion.

## II.    Discussion

Under Federal Rule of Procedure 65, a request for a preliminary injunction requires notice to the adverse party, usually in the form of a hearing. Fed. R. Civ. P. 65(a). The court may issue an *ex parte* temporary restraining order, however, until a hearing may be held in order to preserve the status quo. Fed. R. Civ. P. 65(b); *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) ("Ex

---

[1] PharmaSeq's filing on January 20, 2015 is entitled "Memorandum of Law of Plaintiff, PharmaSeq, Inc., in Support of Order to Show Cause Seeking Injunctive Relief." [Doc. No. 3]. PharmaSeq attaches various exhibits, a declaration, a certificate of service, and a proposed order to its Memorandum. Notably missing from PharmaSeq's January 20, 2015 filing is a motion itself, as required by Federal Rule of Civil Procedure 7(b)(1). In the interest of judicial efficiency, and given that the relief PharmaSeq seeks is sufficiently evident from the face of its filings, the Court shall treat the January 20, 2015 filing as a motion.

parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.") (citation omitted); *accord E. H. I. of Florida, Inc. v. Ins. Co. of N. Am.*, 652 F.2d 310, 312 (3d Cir. 1981).

Although Mrs. Griess was served with a copy of Pharmaseq's Motion, the record does not reflect whether Mrs. Griess is represented by counsel. Furthermore, a hearing has yet to be held on Plaintiff's Motion. Therefore, the Court will consider the Motion under Rule 65(b) as seeking an *ex parte* temporary restraining order. *See Tootsie Roll Industries, Inc. v. Sathers, Inc.*, 666 F. Supp. 655, 657-58 (D. Del. 1987) (applying Rule 65(b) standard where adverse party was not present and had no opportunity to be heard, despite movant's assertion that the adverse party was given notice); *see also* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2951 (endorsing *Tootsie Roll Industries* as the proper approach when restraining order sought before hearing). Rule 65(b)(1)(A) provides that an application for an *ex parte* temporary restraining order must be supported by "specific facts in an affidavit or verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

Injunctive relief is an "extraordinary remedy and should be granted only in limited circumstances." *Kos Pharmaceuticals v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (internal quotations and citation omitted). The standard to obtain a temporary restraining order is the same as for a preliminary injunction. *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994). The party applying for a temporary retraining order must therefore demonstrate:

> 1) a likelihood of success on the merits; 2) that it will suffer irreparable harm if the injunction is denied; 3) that granting injunctive relief will not result in even

>greater harm to the nonmoving party; and 4) that that the public interest favors granting such relief.

*Kos Pharmaceuticals*, 369 F.3d at 708.  Although future inability to satisfy a judgment may constitute irreparable harm, the Court must be mindful that preliminary injunctions may be granted to prevent such harm only in "extraordinary circumstances."  *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 189 (3d Cir. 1990).

Plaintiff here has not demonstrated the kind of immediate harm necessary for an *ex parte* temporary restraining order under Rule 65(b)(1)(A).  The Court has only allegations that Mrs. Griess dissipated the funds in her account since December 2013, which is more than a year ago.  Plaintiff does not plead that it will suffer significant additional harm before a hearing with all parties can be held.  Moreover, Plaintiff's decision to pursue the New Jersey action for nearly a full year before filing this case belies the urgency of Plaintiff's claimed need for injunctive relief.  Plaintiff's application for a temporary restraining order will therefore be denied.

The Court will conduct a hearing on Plaintiff's application for a preliminary injunction, allowing time for Mrs. Griess to file a response to Plaintiff's application and to attend the hearing.  An appropriate order follows.